Good morning, Your Honors. I'm Matthew Serland, and I'd like to reserve five minutes. All right. What's your clock? It strikes me that Wells Fargo can't open a branch in any city without following the zoning laws. Those don't regulate banking, and they don't preempt, and they're not preempted by federal law. If the bank sends out an appraiser, he has to follow, to a home on which they're considering a loan, he has to follow the traffic laws. Counsel, let me ask you, did you ask for a stay of the foreclosure? I did not ask for a stay. Well, do you think that we still have jurisdiction? I do, indeed. Tell us about that first. Okay. It is commonly said, and I hear it in cases in state courts every day, that an express holding of the Mabry case is that 2923.5 doesn't apply after a foreclosure sale. That's preposterous. It's dictum. It's not a holding. It was a preforeclosure case. The issue was not there at all. It's the only case that has held it. A few cases have referred to it. Opposing side, Apelli has cited one other state court case, Stabley. And I quote from Stabley, The only remedy that you can achieve is a delay of the foreclosure to have them go through the appropriate steps. And when the foreclosure has actually taken place, what other remedy is there for you? An unwinding of it for consideration of the issues raised. What was not considered, because How do we unwind it? It goes back to you. Is there a cloud on the title now as a result of this lawsuit? There is, but the district court can remove that. The district court can order the sale set aside. The 2923.5, and this issue was not really considered. Okay. But I'm still, I'm still, is the House now occupied by somebody else? No, no, no, no, no, no. Do you know that? Do we know that? I know it because, and here is something else that's not preempted. I handle the unlawful detainer defense in my office. And if a home is purchased at a foreclosure sale, and I haven't, counsel has provided the trustee's view upon sale. I haven't seen it. I believe it was back to the bank and not to a third party. Counsel, what statute, what provision of the statute provides that the court could set aside the foreclosure sale if the procedures of Section 2923.5 have not been followed? If a sale is void, if a sale is void, it can be set aside. Any sale doesn't have any effect if it's void. 2923.5, and I'd like to say, was passed as a temporary measure by the legislature. If it weren't, it would have been part of 2924 if it was permanent. Nobody has ever said that 2924 is preempted. The ability to sell a house without a judicial order, the nonjudicial foreclosure, it's purely statutory, it's provided by the State, and there are steps that must be followed. 2924 describes those. That's California Civil Code. And one of them is that you have to give a notice of default 90 days before. Counsel, if we disagree with you about our ability to unwind it at this point, or let's say just about the wisdom of unwinding it at this point, do you have any other remedy? Do you have a remedy in damages against the bank? I don't know that there is remedy of damages, but if I may, if I may express one thing here regarding 2924, because this has not been considered by Mabry and by most courts. The first sentence of 2923.5 is this. A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to 2924 until 30 days after contact is made as required by paragraph 2. It says you can't do the whole system. It doesn't say you can't sell it. It says you can't record the notice of default. That recording is a nullity if you haven't satisfied 2923.5. The reason Mabry didn't and the Mabry court. All of that suggests really good reasons why a stay might have been granted had you sought one, but you didn't do it. And now that it's been foreclosed on, presumably the bank can go ahead and sell it to somebody else. They cannot. That's what I was trying to answer that before. Once there's been a purchase, they can't just walk in and unlock the door. They have to bring an unlawful detainer action. That has not happened. So is your client still in the house? Yes. There has been no unlawful detainer action or I would have known about it because I defend them. So it's not that there's a third party in the house and you can't unwind it. It's just purely a paper matter. And trustee sales are set aside from time to time. One glaring point is when there hasn't been a proper substitution of trustee and somebody who's not the trustee sells the house. That sale is void and it can be set aside. They often are. Why didn't you ask for a stay and save us all of this? I wish I would answer for you, Your Honor. So I have a question, another question. Under 2924, I think it's 4B. It says in performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information in good faith. So it says for what things the trustee incurs no liability for. Is there something in the statute that says what the trustee could incur liability for? Well, I don't know. But the action in naming the trustee was in good faith because the trustee is the only one with the power to sell it. That sale has to end. And we've had cases where a beneficiary will say we're not going to go ahead with the sale or they've been ordered to tell the trustee not to do it and they didn't tell the trustee. The trustee goes ahead with the sale. The only way to be certain that the trustee, that the sale is stopped, is to have any declaratory relief or any order by the court directed to the trustee. And the only way to do that is to name them in the action. The – it's not a question of whether we would. There are times, there are situations where you can get when there's – when there's – it's not doing the duties here when it's not really the trustee, when it's   And so when the trustee is named and properly named as a trustee, goes ahead and sells the property in the role of a trustee, I don't think that's the situation here. But that action was one to prevent the sale. And you have to direct it at the trustee. Now, Mabry tells us that there's no remedy if the sale has taken place. That's right. It does say that. And that's It's widely followed. Yes. And what I started to talk about, and it's I think the principal thing that I would like to talk about, is that it was the – it was a pre-sale case. That was not an issue. It would not have been widely briefed. The court, Mabry, started with some very good reasoning, and that is that the legislature wouldn't have enacted the statute if they didn't mean for it to have some teeth. They then got waylaid. They assumed that the statute was preempted by federal law, as written. And they undertook to rewrite it. They were going to save it. That court was going to do the state a favor and do the legislature's job, and they were going to use their scissors instead of having this Court do it. The only thing that I could see that might, and it was raised by opposing counsel, and that was the one paragraph where instead of making full contact, if they're going to use due diligence, one of the – the last thing of the things they're supposed to do is put something on their website. I – you know, it wouldn't be – I wouldn't say that this Court couldn't strike that requirement as being – as being preempted, because it's there for the world to see, not just for people involved in this. But for that, what 29 – it doesn't require anything of any bank. The – I don't think there is preemption, so I think the Mabry court, they added this dictum just because they thought that that excision, saying that it wouldn't apply afterwards, would save the federal preemption. To my mind, either it's preempted or it's not, and it's not for the – for the Fourth District to save it by rewriting the statute. The fact is, it doesn't require anything. A bank can make loans. They can foreclose. We have a system of judicial foreclosure. Nobody likes to use it. They like to use the nonjudicial foreclosure, which is purely statutory, and one of the steps is 2924. You've got to satisfy it or you can't do it. If you go ahead and sell it without – without a notice of default, I – do you think that that could be unwound? Of course it could. If you have a trustee sale and you haven't – and you haven't sent a – you haven't recorded a notice of default, that sale is – that sale is void. It's no sale at all. Now, counsel, if I were to agree with you, we could vacate the sale. Then all that the bank would do would be to go and give the notice and comply with the regulations, and then your people would be out in 110 days. Is that right? That's not usually what happens. What usually happens – Well, this is a yes or no answer. It may not usually happen, possibly. They would – well, it's – yes, they would proceed. They would – they would – they would give the notice, but in that time, there would be time, then, for the – for the homeowner to actually use one of the methods that could be used to save the home. Are you saying it would buy – the notice acts to buy them time so they can seek other funding sources, negotiate with the bank? Yes. One big one that's been kind of underused but is starting to be used more as short sale for that. Have they indicated that they're going to be able to get the funding or in some way refinance if we were to set it aside? You know, I have heard some discussion of it, and I'm not – and I'm not certain if that's the case. But I think that it is because the – in fact, the firm is helping to find some funding sources for clients. But you're not able to say yes or no to that? I can't say definitely. I cannot say definitely it would be saved. I say that it would give the opportunity, and that's what the whole point of the law is. And for that matter, as I say, whether or not the legislature said you can't use this method, you know, feel free to have nonjudicial foreclosure. But it's a privilege to use it, and there are steps you have to go through. This is a step you have to go through. It doesn't affect lending in any way. The – it's just a step to use a – and the – it's interesting. There's language as to what's preempted and what the purpose of the Federal laws are completely. Counsel, did you want to save some time for rebuttal? Thank you. Thank you. Police Court, Robert Bailey for Wells Fargo. I think the court hit on the clearest and most crucial issue, which is, is this appeal moot as a result of the foreclosure? And the answer is clearly yes. But, you know, Counsel, the problem – this is a practical problem I see with this. So, first of all, I don't – I tend to agree on the merits that this isn't preempted. So I'm just going to say on the merits that's where I would go. But so a district court wrongly – the situation, the hypothetical situation maybe is the situation here. A district court wrongly dismisses a lawsuit to prevent – to require the bank to comply with the state rules governing non-judicial foreclosure sales. The district court wrongly dismisses it. And then it's like – it's unilaterally in the bank's power to moot the issue by having failed to comply with the state statutes, just going ahead and foreclosing on the house. There's something wrong with that picture. I understand Your Honor's concern. And I think that you would be right – I would agree with that concern if it was correct that it was unilaterally in the bank's control. Okay. It's not because – How is it not? Because if there is a problem with the opinion, first of all, by the district court. A motion for reconsideration is available. A request for a stay pending this appeal is available. The other avenue that the plaintiffs did take, which is the reason why this was a year ago that this judgment came out and the property was only sold in May, is a certain arguments with respect to possession, control, and sale of the property in the bankruptcy. Was there a bankruptcy filed by the plaintiffs here? Yes. It was filed immediately after the order granting the motion. Did that automatically stay this proceeding? It stayed the foreclosure, but because it was filed by the plaintiff, it did not stay this proceeding. In other words, under the bankruptcy code, if the debtor is the one who is the defendant in the litigation, who somebody is seeking proceeds from in a case, then that asset becomes part of the bankruptcy estate and is stayed. It does not apply when the plaintiff in a case files bankruptcy. What's your authority for that? I don't have it in front of me. I have briefed it previously, but it was not raised in any of the briefing. We did point out the bankruptcy in our brief, but I did not address and I don't have in front of me the authority that this proceeding was or any action stemming from the plaintiff's case would have been stayed by the plaintiff's own bankruptcy. I don't, unfortunately, have that in front of me. I can provide it if you'd like some additional briefing on that. Yes. I guess my understanding was that if a bankruptcy proceeding is filed, that stays all litigation against the debtor. Correct. This was not litigation against the debtor. This was litigation by the debtor against the bank. Okay. So, Nate, perhaps you could provide us with some authority making that, supporting that distinction. Absolutely. Counsel, why is the case moot if the homeowner is still in the house? Because... Did you hear Judge Bybee's question? The question just now about why is the case moot? He said, are they in the house? Yes. My understanding is they are still in the house. A unlawful detainer action will be brought. As you can see from the notice of default, which is in the appellate record, our appellee's excerpts of record at 153, they've been in default since September 1, 2009, so almost three years in this property. You haven't brought an unlawful detainer action against them? Not yet. What happens, essentially, is in the few weeks after foreclosure happens, the trustee's deed upon sale gets recorded. Another division of the bank that's responsible for handling properties hires an unlawful detainer attorney, and they proceed. They have to post a notice, wait 30 days because these are not tenants now. Once the family is out of the house, can the bank resell the house? Yes. Is there a clout on the title? No. That was one thing I wanted to point out. The counsel did say that there was clout on the title as a result of this litigation. That's not true. Once the case is dismissed, there is no longer a clout on the title. However, that would have been another mechanism to potentially give the plaintiffs here control to address the court's question about whether or not it's unilateral that the bank can do this. It can request a notice of pending action be recorded, not just with the underlying case, but even with an appellate case. They could have asked for typically referred to as a lis pendens to be attached to the property, again, something they did not do. Let me ask you, talking about things that people don't do, does the bank not follow the proper procedures when they want to do a nonjudicial foreclosure? They do. And that is the, again, that's why we believe this statute is preempted, because it's the requirements that it imposes on the bank are such that the bank follows all the procedures. You'll see in there the notice of default has the declaration that says we attempted to contact them. All a plaintiff has to do then is file a complaint saying, oh, no, they didn't. We've submitted a sworn declaration from our employees, an officer of the bank, saying we followed the procedures, we talked to them, or we tried to talk to them on these dates. And the plaintiff files their complaint saying, no, they didn't free house for three years. But doesn't that require some finding about who's telling the truth here? That's true. That is true. And there are procedures in place for that, for a restraining order, and one was obtained in this case before the state court. But to answer the court's question, yes, we follow the procedures, but we don't need to, and especially so many of these procedures that require things from the bank that are more than just, here are the elements of a foreclosure mechanics. These are substantive requirements. Mabry itself says these are substantive requirements. And counsel admits that, for example, the requirement of what goes on the website, that's a substantive requirement, that's a disclosure requirement. The contents of the letter, that it has to have this HUD phone number in it. If the OTS wanted to say, hey, we don't want people who have loans from federal savings banks to deal with HUD. We want them to call us directly. We want them to call some other agency. That's up to the OTS. That's not up to the California legislature to say, okay, borrowers, here's who you should be contacting. These are requirements that are beyond just the mechanics of how to do a foreclosure. But getting back to the issue of mootness, the other reason that this complaint or this action has been mooted by the foreclosure is the complaint itself. Here there isn't a damage claim, not that I believe one would be possible, given the clear holding of Mabry, which we do not believe is dicta. In fact, it was absolutely necessary for Mabry to reach that conclusion about the exclusive nature of the remedy, if it gets to the conclusion about preemption. Therefore, it's not just meaningless dicta. Also, we've cited in our motion to dismiss two other more recent cases, Hamilton and Stabley, which both explicitly say that as the holding.  And declaratory relief, asking for a declaration that 2923.5 wasn't complied with. Injunctive relief, which the district court properly found is not a cause of action and which appellants have not contested. And unfair competition, which does not permit damages, permits only injunctive relief. So there isn't anything in this complaint that would support any relief. In other words, if the court were to remand, there's nothing left in this complaint, goes back to the district court, and the district court looks and says, I still can't do anything. All that's here is requests for injunctive relief related to pre-foreclosure. If you are to determine that this was moot, what will happen next? The bank will – are you talking about in terms of this case or in terms of the property? We're talking about this case. What will happen if we were to say we agree with you this is moot, okay? What next? The judgment becomes final. The bank is entitled to pursue an unlawful detainer action, which it does, and counsel presumably raises various defenses to the validity of the foreclosure in the unlawful detainer action, which he can and certainly will do. He's not foreclosed from raising those issues in the detainer action? He is foreclosed from raising certain title issues. But under – I haven't cited it here, and I'm not entirely sure of the exact site, but there's a 2010 Court of Appeal, California Court of Appeal case called Malachowski, that says after a foreclosure the bank has to establish that it complied with the foreclosure mechanics in order to prevail on an unlawful detainer. And ultimately what the court is holding is that as a result of that process, those rulings, judgments that arise out of an unlawful detainer in a foreclosure context can be given res judicata effect for later claims to title with respect to the foreclosure. So we're not done. And that is one thing I can be certain of, that we are going – that counsel will allege defects in the foreclosure mechanics in the unlawful detainer. Well, that's fine, and we will address it there. That's his, I guess, up to fifth potential remedy that takes this out of the bank's unilateral control. And then will you argue that the district court's dismissal based on preemption is res judicata or forecloses – clearly it stops the plaintiff from raising those issues at the unlawful detainer? I wouldn't be defending the – I'm not asking you personally. I'm saying the bank. Likely. Likely. I admit that that's likely, but that it's also the bank's position and has been in dozens of other cases around that we've cited that it is preemptive. And we will not only raise that issue, but we will raise – because it'll be a trial as – It'd be a state court. Or a summary judgment. It'd be a state court, too. Right. And we will say we complied. Here's the declaration. That will be the factual issue that gets determined. It's not just a – Not only did you have to give notice, but don't you have some filing requirements at that point? Yes. And the – And you show that those have been complied with? Yes. It's on page 1 of the appellee's excerpts of record. The notice of default is on page – starts on 152. That's the certified copy of the document that was actually filed. There's an affidavit of notice of – of mailing of notice of default attached to it, which was also part of the recording requirement, and the declaration of Assistant Vice President Joshua Spears indicating his compliance with 2923.5, which was attached to the notice of default and recorded with the county recorder. So it's all in the record currently. I do see that my time is up. Will you furnish us your citations of authority in respect to the – The bankruptcy. What the bankruptcy filing does? Absolutely. I will do that within two, three days. Thank you. Thank you. Thank you, counsel. It's interesting. Counsel mentioned the Malkowski case. I argue that case several times a week in the UD courtrooms, and maybe once or twice out of 100 times any attention at all is paid to it. Pretty much in a UD courtroom, if you've got a trustee's deed upon sale and a three-day notice, that's it. As to the complaint itself, well, it's – one thing I want to mention is counsel argued that – he said that the restraining order was obtained in state court, but then it was removed. And there is an issue, argued slightly in my brief and more fully in Mika's brief, that there isn't complete diversity and that the removal was improper. There might be a – there might have been a restraining order still in effect if we were in state court. As to the complaint itself, there's one thing that others who plead it don't do that I do, is I emphasize the connection when I do a complaint, the connection between 2923.5 and 2924, that one is – that 2923.5 is really sucked into it by its own terms.  the complaint to the appeals and to negotiation of the cases. That is something that could have been made more clear in an amendment if this – if the dismissal had been with leave to amend rather than without prejudice. Counsel, opposing counsel insists that they complied with the regulations. Did your clients receive contact from them, and were the proper filings made? They say that they complied by the secondary method, and that is the due diligence that no contact was made, but that they made attempts to contact. That is, as Your Honor pointed out, an issue of fact. It's – it was very interesting to say – to hear that the bank files this declaration, which is now, according to Mabry, doesn't have to be under penalty of perjury, and it doesn't have to be by the person who has any knowledge of the facts. And he says, all plaintiff has to do is file a complaint that says it's not true, and look, they get to state things. Well, all the bank has to do is have somebody with no knowledge of the facts sign a declaration. That's just a pro forma. They do it in every case. They sign it and they put it on. Maybe there are facts to support it. Maybe there aren't. The – if the – if they say the attempts were by leaving messages or such, it's quite often the case – I don't know the facts underlying this case, but it's quite often the case that the plaintiff puts in a declaration and says, I've got an answering machine. I listen to it every day and there's never been a message on the answering machine. Let me ask you this. What authority do you have in respect to the effect of the filing of bankruptcy? I don't. I don't. I think counsel is probably correct. As the – as your client, are the proceedings, the bankruptcy proceedings ongoing? The – I think that they're not, but there was probably a motion for relief from the stay. I don't have any reason to believe that the sale was in violation of the bankruptcy. So your complaint also asks for attorney's fees and costs, but I think if the case is moved, a request for attorney's fees and costs does not make it not moved. In fact, there is a pending motion by appellees in the trial that says that the trial court for a hefty award of attorney's fees that was delayed by the – I don't know if they're going to take it up after the bankruptcy. In fact, it may have been discharged in the bankruptcy. I really don't know. I don't think the request for attorney's fees would affect the mootness. But I do believe it's not moot because the, you know, a void sale is a void sale. It doesn't make a – Mabry is, you know, is kind of circular reasoning. They assume the preemption and then they want to cut out the post sale to save it from preemption. I think those are issues that have to be decided by this Court, not by Mabry. All right. Thank you very much, counsel. O versus Wells Fargo Bank will be submitted and we'll take
judges: Fletcher, Wardlaw, Bybee